In the
United States Court of Appeals
For the Seventh Circuit

No. 00-4013

Kamphuis Pipeline Co.,

Plaintiff-Appellant,

v.

Lake George Regional Sewer District,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Indiana, Fort Wayne Division.
No. 1:99-CV-363 William C. Lee, Chief Judge.

Argued November 1, 2001--Decided November 30, 2001


   Before Flaum, Chief Judge, and Manion and
Kanne, Circuit Judges.

   Flaum, Chief Judge.  Plaintiff-Appellant
Kamphuis Pipeline Co. ("Kamphuis") sued
the Lake George Regional Sewer District
("Lake George") under Indiana's Municipal
Public Works Statute. The district court
granted Lake George's motion for summary
judgment because Kamphuis failed to
comply with the statute's notice
provisions, and Kamphuis appeals. For the
reasons stated herein, we affirm.

I.  Background

   Lake George is a municipal corporation
created to construct a sewer system in
Lake George, Indiana. Lake George
contracted with Civil Constructors, Inc.
("Civil"), who served as general
contractor. Indiana law obligates public
works contractors to purchase a labor and
material bond to secure payment of
potential claimants, including
subcontractors. Civil purchased a bond
pursuant to this law from Capitol
Indemnity Corporation ("Capitol"), which
acted as surety and underwrote the bond.

   Civil subcontracted certain aspects of
the project to Kamphuis, which performed
more than $1.7 million in work. Kamphuis
Vice President Russell DeJonge monitored
progress throughout Kamphuis's work on
the project. DeJonge visited the site on

numerous occasions and attended meetings held by the Lake George Regional Sewer District Board ("the Board"), which was comprised of neighborhood residents who owned homes on Lake George. At the meetings, the Board identified Richard Fox as the Board's attorney and instructed meeting attendees to forward all correspondence regarding non-payment to Mr. Fox.

Civil ultimately refused to pay Kamphuis. In late April 1997, DeJonge informed Arashdeep Pannu, the project engineer's field representative, that Civil had failed to pay a substantial amount of money to Kamphuis. On that same day, Abe Munfah, another employee of the project engineer, forwarded a letter to Lake George recommending that the Board release payment to Civil for work completed through March 24, 1997.

DeJonge learned that Lake George continued to pay Civil despite the fact that Civil owed subcontractors substantial sums of money. Accordingly, Kamphuis mailed a letter to Capitol (the project surety) notifying Capitol of Civil's failure to pay and itemizing the amounts due. The letter, dated May 9, 1997, advised Capitol that Kamphuis sought recovery on the "Payment and Performance Bonds" that Capitol had issued. Kamphuis forwarded copies of the letter to three additional sources: (1) Richard Fox, Lake George's attorney and contact representative; (2) Abe Munfah, a representative of the project engineer; and (3) Thomas LaCosse, an employee at Civil./1

In August 1997, having received no payment, Kamphuis sued both Civil and Capitol for breach of contract in the United States District Court for the Western District of Michigan. Immediately before the case proceeded to trial, Kamphuis and Capitol settled. Under the agreement, Capitol paid Kamphuis $1.2 million, and Kamphuis released Capitol from all liability under the payment bond. The district court ultimately entered judgment in favor of Kamphuis for approximately $1.7 million. On September 15, 1998, Civil filed for bankruptcy protection under Chapter 7.

Kamphuis then filed suit against Lake George in the Northern District of

Illinois under the Indiana Municipal Public Works Statute ("MPWS") for $479,955.01, which represents the difference between the judgment and the amount received from Kamphuis's settlement with Capitol. Both parties moved for summary judgment before thedistrict court, which granted Lake George's motion. The district court held that Kamphuis failed to comply with the notice provisions of the MPWS, which are a prerequisite to recovery under Indiana law. Kamphuis had argued that its May 9 letter addressed to Capitol--and copied to Lake George, Civil, and the project engineer--constituted adequate notice under the act. The district court rejected this argument as wholly inconsistent with the MPWS's plain language. Kamphuis appeals.

## II.  Discussion

We review de novo the district court's grant of summary judgment, see Feldman v. American Memorial Life Ins. Co., 196 F.3d 783, 789 (7th Cir. 1999), and draw all reasonable inferences in favor of the nonmoving party. Pugh v. City of Attica, 259 F.3d 619, 625 (7th Cir. 2001). Moreover, in this diversity action, Indiana law governs all substantive disputes, while federal law applies to procedural matters. Allen v. Cedar Real Estate Group, LLP, 236 F.3d 374, 380 (7th Cir. 2001).

The Indiana Municipal Public Works Statute is a remedial statutory scheme intended to secure payment for subcontractors, laborers, materialmen, and service providers who perform public works construction projects. See Dow-Par, Inc. v. The Lee Corp., 644 N.E.2d 150, 153 (Ind. App. 1995). The MPWS requires public works boards/2 to withhold final payment from the general contractor until all subcontractors, laborers and materialmen have been paid. In the event of non-payment, the MPWS creates alternative statutory remedies: a subcontractor may proceed either against the public works board, or against the surety that underwrites the labor and materials bond. See Indiana Carpenters Central and Western Indiana Pension Fund v. Seaboard Surety Co., 601 N.E.2d 352, 357-58 (Ind. App. 1992).

The first remedy, which is at issue in

this case, allows subcontractors to recover directly from the board by petitioning the board to impound funds. To receive payment under this remedy,

(b)  the subcontractor . . . shall file their claims with the board within sixty (60) days after the last labor performed, last material furnished, or last service rendered by them, as provided in section 13 of this chapter.

* * *

(e)  A claim form must be signed by an individual from the political subdivision or agency who is directly responsible for the project and who can verify:

(1)  the quantity of a purchased item; or

(2)  the weight or volume of the material applied, in the case of a road, street, or bridge project.

Ind. Code sec. 36-1-12-12(b), (e) (emphasis added) ("Section 12"). Section 12 refers explicitly to Section 13, which serves two functions relevant to this appeal. First, Section 13 describes the proper procedures for filing claims under the act; second, it provides the alternate statutory remedy for subcontractors seeking to recover for non-payment of work performed on a public construction project.
   Under Section 13, an unpaid subcontractor may recover directly from the surety who underwrote the risk of non-payment on the materials and labor bond. To trigger this provision, the statute states that:

(d)  A person whom money is due for labor performed, material furnished, or services provided shall . . . file with the board signed duplicate statements of the amount due. The board shall forward to the surety of the payment bond one (1) of the signed duplicate statements.

Ind. Code sec. 36-1-12-13.1(d) (emphasis added) ("Section 13"). Section 13 requires subcontractors to file duplicate forms with the board. Thus, although Indiana's statutory scheme creates two alternative remedies for non-payment, the notice provision under either remedy is the same: the subcontractor seeking payment must file duplicate copies with

"the board." If the subcontractor seeks recovery directly from the board pursuant to Section 12, then the statute requires no further action. If, however, the subcontractor triggers the alternative remedy and seeks recovery from the surety, then the statute requires the board to forward one copy to the project surety.

Indiana case law is clear that the notice provisions of the MPWS are procedural precedents "which must be per formed prior to commencing an action." Seaboard Surety, 601 N.E.2d at 357; see also Moduform, Inc. v. Verkler Contractor Inc., 681 N.E.2d 243, 245-46 (Ind. App. 1997). In this case, Kamphuis claims that its May 9 letter to Capitol constitutes adequate notice under the MPWS because, by addressing the cover letter directly to Capitol, Kamphuis obviated the need for Lake George to forward a copy to the surety. We disagree.

Nothing in the statute's plain language or Indiana case law suggests that a subcontractor may deviate from the requisite statutory notice provisions. It is easy to discern why Indiana courts require strict compliance with the statute's notice provisions. Here, Kamphuis mailed a letter to the surety indicating that it sought recovery under the "Payment and Performance Bonds." While Kamphuis forwarded a carbon copy to Lake George's representative, nothing in the original letter suggests that Kamphuis also sought recovery from the Board under the alternative statutoryremedy. Moreover, to proceed directly against Lake George, Section 12 also required Kamphuis to obtain the signature of "an individual from the political subdivision or agency who is directly responsible for the project and who can verify: (1) the quantity of a purchased item; or (2) the weight or volume of the material applied . . . ." Ind. Code sec. 36-1-12-12. Kamphuis failed to comply with this provision as well.

III.  Conclusion

Kamphuis neither filed duplicate copies of its claim with the Board, see Ind. Code sec. 36-1-12-13.1, nor obtained an authorized signature verifying the amounts owed, see Ind. Code sec. 36-1-12-

12. As a result, Kamphuis failed to comply with the procedural requisites of the Indiana Municipal Public Works Statute. Accordingly, we AFFIRM the decision of the district court.

FOOTNOTES

/1 The entire letter is reprinted in the district court's opinion. See Kamphuis Pipeline Co. v. Lake George Regional Sewer District, No. 99-CV-363, slip op. at 2-3 (N.D. Ind. December 7, 2000).

/2 The statute defines board as "the board or office of a political subdivision or an agency having the power to award contracts for public work." Ind. Code sec. 36-1-12-1.2(1). This definition includes the Board of the Lake George Regional Sewer District.